UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————————X

MANUEL FRANCO,

                Plaintiff,

                                      **MEMORANDUM AND ORDER**
-against-                                 06-CV-3074 (RJD )

WILLIAM HENRI; VIVIAN LEAHY;
JOHN DOE; JOHN DOE,

                Defendants.
——————————————————————X
DEARIE, United States District Judge:

      Plaintiff, presently confined at South Beach Psychiatric Center ("South Beach") located in Staten Island, filed the instant action in the United States District Court for the Southern District of New York. The Southern District by order dated May 24, 2006, transferred the matter to this Court. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order and grants plaintiff leave to amend the complaint as described below.

Background

      In the instant complaint, plaintiff alleges he has been held at South Beach against his will. Specifically, plaintiff states:

> This hospital has been holding me against my will for the pas[t] three months. Using my criminal history against me as means to justify there actions. First and formost [sic], this is a psychiatric hospital, and therefore the hospital have no authority to use a patients criminal history against them. That would be a act of double jeopardy. The only question is: is a patient a threat for themselfs [sic] or others? However, they have exceeded those bounds, by looking other places to justify there [sic] actions.

Complaint at 2, Statement of Facts.

Standard of Review

In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is proceeding *pro se,* his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "'the factual contentions are clearly baseless,' such as when allegations are the product of delusion of fantasy," or (2) "the claim is 'based on an indisputedly meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted).

In order to state a claim under §1983, plaintiff must allege that the defendants, acting under of law, deprived him of a right secured by the Constitution or the laws of the United States. 42 U.S.C. § 1983.[1] Involuntary civil commitment implicates two potential constitutional issues: the Fourth Amendment prohibition against unreasonable search and seizure, and the right to due process under the Fourteenth Amendment. See Glass v. Mayas, 984 F.2d 55, 58 (2d Cir.1993); Rodriguez v. City of New York, 72 F.3d 1051, 1061 (2d Cir.1995); Blyden v. N.Y.P.D., No. 05 CV 4740, 2005 WL 3388609, at *2 (E.D.N.Y. Dec. 12, 2005).

Due Process

"An involuntary civil commitment is a 'massive curtailment of liberty,' and it therefore

---

[1] The Southern District's transfer order construed the action as one brought pursuant to 42 U.S.C. § 1983, as plaintiff seeks monetary damages. See 06 CV 3947 (S.D.N.Y. May 24, 2006).

2

cannot permissably be accomplished without due process of law." Rodriguez, 72 F.3d at 1061 (quoting Vitek v. Jones, 445 U.S. 480, 491-92 (1980)). Involuntary commitment is constitutional if the person is both mentally ill and a danger to herself or others. Rodriguez, 72 F.3d at 1061; O'Connor v. Donaldson, 422 U.S. 563, 580 (1975). The New York statutory scheme for civil commitment requires a showing of dangerousness prior to commitment, and therefore has been held to be constitutional. Project Release v. Prevost, 722 F.2d 960, 971-74 (2d Cir. 1983) (due process is afforded by numerous and elaborate provisions for notice and hearing, periodic reassessment of patient's status, and provision for appointment of counsel). Whether the commitment is on an emergency basis or non-emergency basis, the statutory scheme requires that a doctor make a medical determination that the patient poses a danger to himself or others. Rodriguez, 72 F.3d at 1062-63.[2]

---

[2] Pursuant to New York's Mental Hygiene Law, a patient may be involuntarily committed to a psychiatric facility on a non-emergency basis if he is (1) in need of inpatient care that is "essential to [his] welfare," (2) "unable to understand the need for such care and treatment," and (3) poses "a substantial risk of physical harm" to himself or others. N.Y. Mental Hygiene Law §§ 9.01, 9.27. The patient can be admitted for treatment "upon the certificates of two examining physicians, accompanied by an application for admission." Id. § 9.27. The application for admission, which must be executed within ten days prior to admission, can be submitted by, among others, "the director of the hospital ... in which the patient is hospitalized," or "a qualified psychiatrist who is ... treating such person for a mental illness in a facility licensed or operated by the [New York] office of mental health." Id., § 9.27(b)(6)(11). The director of the hospital cannot admit the patient until a third physician who is a member of the hospital staff confirms that the patient satisfies the criteria for hospitalization. Id., § 9.27(e). A patient has the right to contest his involuntary commitment through a court hearing scheduled within five days from the date notice of the request is received by the court. Id., § 9.31; Doe v. Harrison, No. 01-CV-12741, 2003 WL 1535273, at *1 (S.D.N.Y. Mar. 24, 2003).

New York Mental Hygiene Law § 9.39 provides for involuntary commitment on an emergency basis and requires a finding that the patient's alleged mental illness be "likely to result in serious harm to himself or others."

If the defendants adhered to the procedural requirements of the relevant section, the demands of substantive and procedural due process have been met and no claim under 42 U.S.C. § 1983 has been stated. Rodriguez, 72 F.3d at 1051. Here, plaintiff fails to state whether he was committed under New York Mental Hygiene Law § 9.27 (involuntary admission on medical certification) or § 9.39 (emergency admission for immediate observation and treatment). Plaintiff has made no allegation regarding what procedures were followed or how his rights were violated.

Qualified Immunity

The Court notes that even if plaintiff is able to state a claim under 42 U.S.C. § 1983, the defendants may be entitled to qualified immunity. As articulated by the Second Circuit, the doctrine of "[q]ualified immunity will shield from suit a government official sued in his or her individual capacity unless the official's conduct violates clearly established law or such conduct was not objectively reasonable 'in light of the legal rules that were "clearly established" at the time it was taken.' " Kulak v. City of New York, 88 F.3d 63 (2d Cir. 1996) (quoting Anderson v. Creighton, 483 U.S. 635, 639 (1987)). The availability of the defense depends upon whether a reasonable public official could have believed his or her actions to be lawful "in light of clearly established law and the information [he or she] possessed." Weyant v. Okst, 101 F.3d 845, 858 (2d Cir.1996) (citations and quotations omitted); Glass, 984 F.2d at 57 (standard is whether it is "objectively reasonable" for medical personnel to believe that involuntary commitment was lawful at the time of the conduct); Kulak, 88 F.3d at 75 (medical decisions must not be "a substantial departure from accepted judgment, practice or standards").

Leave to Amend

The Court grants plaintiff leave to file an amended complaint detailing his claim that the

4

defendants violated his constitutional rights. Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999). In the amended complaint, plaintiff must set forth the steps taken by the defendants to involuntary commit him and any efforts he made to challenge the commitment through the procedures afforded by the New York Mental Hygiene Law.

Conclusion

Plaintiff is hereby directed to file an amended complaint within thirty (30) days from the date of this Order. No summons will issue at this time and all further proceedings shall be stayed for thirty (30) days or until plaintiff has complied with this Order. If plaintiff fails to comply with this Order within the time allowed, the case shall be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                    s/ Judge Raymond J. Dearie

                                                    RAYMOND J. DEARIE
                                                    United States District Judge

Dated: Brooklyn, New York
       6/26, 2006